IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Paul K. Moening**, | : | Case No. 3:11 CV 1490 |
| Petitioner, | : | |
| vs. | : | |
| **Brian Cook, Warden,** | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

Pursuant to 72.2(b)(2) of the UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to a Magistrate Judge for report and recommendation. Pending are the following pleadings: Petitioner's Petition for Writ of Habeas Corpus, Supplement and Supplemental Exhibits, Respondent's Return of Writ, Petitioner's Traverse and Petitioner's Motion for Order to Dismiss and Suspend Further Execution of Sentence (Docket Nos. 1, 5, 7, 8, 14 & 15). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and the Motion for Order to Dismiss.

### I. BACKGROUND.

**A.   INDICTMENT, PLEA AND SENTENCING.**

During the September 2009 term, the grand jurors of Cuyahoga County, Ohio, returned a secret two-count indictment charging Petitioner as follows:

| COUNT AND CHARGE | OHIO REV. CODE § | DEGREE OF FELONY |
|---|---|---|
| 1. Failure to comply with an order or signal of a police officer | 2921.331(B) & (C)(5)(a)(ii) | Third |
| 2. Operating a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop and that in committing the offense the offender was fleeing immediately after the commission of a felony | 2921.331(B) & (C)(4). | Fourth |

(Docket No. 14, Attachment 1, p. 1 of 1).

On February 15, 2010, the Acting Law Director entered a *nolle prosequi* due to plea negotiations (Docket No. 14, Attachment 22). On March 11, 2010, the trial court conducted a change of plea hearing during which Petitioner entered a plea of guilty to Count One of the indictment. The Court advised Petitioner of his rights under OHIO R. CRIM. P. 11 and further advised Petitioner of the maximum penalty of five years imprisonment, a $10,000 fine and the three year term of post control release[1]. Petitioner waived his rights freely and voluntarily and elected to have the court accept his plea (Docket No. 14, Attachment 2, pp. 5-7 of 13). Under the terms of the plea agreement, the State of Ohio stipulated that it would (1) dismiss count two; (2) recommend a three-year prison sentence as to count one; (3) agree to stay mute or refrain from opposing any request for judicial release; and (4) agree not to oppose any request for treatment (Docket No. 14, Attachment 3, pp. 1-4 of 4).

The case came on for sentencing on April 21, 2010. Petitioner was sentenced to three years, given credit for 144 days served and ordered to provide a deoxyribonucleic acid (DNA) sample.

---

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, . . . .(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty . . . . and (c) Informing the defendant and determining that the defendant understands that by entering the plea, defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Petitioner's driver license was suspended for life and he was reminded of his right to appeal within 30 days of the court's sentence (Docket No. 14, Attachment 5, p. 2 of 3).

### B. MOTION FOR DELAYED APPEAL.

Petitioner filed a motion for delayed appeal contemporaneously with a notice of appeal on January 11, 2011 in the Third Appellate District Court. Plaintiff alleges four reasons for failing to perfect a timely direct appeal:

1. He was without the effective assistance of appellate counsel to perfect a direct appeal.

2. He is a layperson who lacks the expertise to prepare his own legal paperwork.
3. He did not waive his right to direct appeal.
4. He did not receive the relevant documents from the trial court in a timely manner.

(Docket 14, Attachment 7, pp. 1-2 of 2; Attachment 8, pp. 1-2 of 2).

On February 24, 2011, the appellate court denied the motion for delayed appeal and the request for counsel. The court declined to dismiss the charges against Petitioner (Docket No. 14, Attachment 9, pp. 1-2 of 2).

### C. APPEAL OF THE MOTION FOR DELAYED APPEAL.

Petitioner filed a notice of appeal in the Ohio Supreme Court on April 1, 2011 (Docket No. 14, Attachment 11, p. 1 of 2). In the memorandum in support of jurisdiction, Petitioner alleged:

1. The trial court reneged upon an agreement that after Petitioner served 180 days, judicial release would be granted and Petitioner would enter a six-month rehabilitation program.
2. Petitioner did not learn that counsel had not perfected an appeal until eight months lapsed after the court entered the sentencing order.
3. The trial court failed to transmit documents relevant to his appeal.
4. Petitioner has strived to meet the procedural requirements for perfecting a direct appeal.

(Docket No. 14, Attachment 12).

On June 22, 2011, the Supreme Court of Ohio, denied Petitioner leave to appeal and the appeal was dismissed (Docket No. 14, Attachment 10, p. 2 of 2; Attachment 14).

**D.** **PETITION FOR WRIT OF HABEAS CORPUS FILED IN THE SUPREME COURT OF OHIO.**

On May 5, 2011, Petitioner filed a petition for habeas corpus accompanied by an affidavit of indigency, a motion to file reduced number of copies and a motion for appointment of counsel. On June 22, 2011, the case as dismissed *sua sponte* (Docket No. 14, Attachments 15, 16 & 17).

**E.** **MOTION TO WITHDRAW GUILTY PLEA**.

In the trial court, Petitioner filed a motion to withdraw guilty plea on September 21, 2011 (Docket No. 14, Attachment 18). Petitioner asserted two reasons for granting the motion:

1. Petitioner's plea was not knowingly, voluntarily or intelligently made since the Court failed to state all of the maximum penalties that could be imposed during sentencing.
2. Petitioner did not agree to a lifetime driving ban and he was not notified of the mandatory license suspension.

(Docket No. 14, Attachment 18).

**F.** **THE PETITION FOR WRIT OF HABEAS CORPUS.**

Petitioner timely filed a Petition for Writ of Habeas Corpus in this Court on July 20, 2011, which he supplemented on July 28, 2011 and August 15, 2011. There are two grounds for relief asserted:

1. The factual elements adjudicated by the Van Wert Common Pleas Court had already been adjudicated by the Van Wert Municipal Court (Double Jeopardy).
2. Trial counsel failed to follow through on direct appeal which created procedural default (ineffective assistance of counsel).

(Docket Nos. 1 & 7).

Plaintiff supplemented his Petition with copies of the indictment/offense report (Docket No. 8).

**G.** **MOTION FOR AN ORDER TO DISMISS OR SUSPEND EXECUTION OF SENTENCE.**

Petitioner supplemented his Petition by asserting two additional claims for relief:

1. The indictment lacked sufficient factual elements of the crime charged.
2. The trial court failed to provide the documents required to perfect an appeal.

(Docket No. 5).

## II. PETITION FOR WRIT OF HABEAS CORPUS IN CUSTODY STANDARD.

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id.* (*see Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

At the time the petition was filed, Petitioner was incarcerated at the Pickaway Correctional Institution, located in Orient, Ohio. He is in custody within the meaning of 28 U. S. C. § 2254.

Respondent is Petitioner's custodian. In the capacity of warden, Respondent accepted service of process and filed an answer. Accordingly, this Court has personal jurisdiction over Respondent.

Petitioner alleges that the terms of his incarceration violate the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction to issue a writ of habeas corpus.

## III. HABEAS CORPUS STANDARD OF REVIEW.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the federal courts may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of,

5

clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Goodell v. Williams,* 643 F.3d 490, 495 (6th Cir. 2011) (*citing* 28 U.S.C. § 2254(d)).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)).

Under the "unreasonable application" clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. *Id.* Yet, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522). Rather, to warrant habeas relief, the application must be found to be "objectively unreasonable." *Id.* (*citing Williams*, 120 S. Ct. at 1521). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings.' " *Id.* at 495-496 (*citing Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (*quoting Lindh v. Murphy*, 117 S. Ct. 2059, 2067 (1997)).

In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Id.* (*citing Lockyer v. Andrade,* 123 S. Ct. 1166, 1172 (2003); *Williams, supra*, 120 S. Ct. at 1523). The "clearly established federal law" is "the governing legal principle or principles set forth by the Supreme Court." *Id.* (*citing Lockyer*, 123 S. Ct. at 1172). "[T]he 'lack of an explicit statement' of a particular rule

6

by the Supreme Court 'is not determinative' of clearly established law, since 'the Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent.' " *Id.* (*citing Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002) *cert. denied,* 123 S. Ct. 490 (2002)).

## IV. ANALYSIS

Respondent argues that Petitioner's claims are barred as a result of his guilty plea. Alternately, Respondent contends that procedural default bars the grounds asserted for relief. The resolution of this case is based on a finding of whether Petitioner's entire habeas petition is not legally cognizable because he entered a guilty plea.

It is well established that a guilty plea must be knowing, voluntary and intelligent. *Snyder v. Warden, Warren Correctional Institution*, 2011 WL 4915148, *5 (S. D. Ohio 2011) (*citing Boykin v. Alabama*, 89 S. Ct. 1709-1713 (1969)). While a court should review the particular circumstances of each case, a state court's decision that a guilty plea was proper is presumed to be correct, unless the transcript of the plea proceeding does not adequately demonstrate that it was knowing, voluntary and intelligent. *Id.* (*citing Garcia v. Johnson*, 991 F.2d 324, 326–327 (6th Cir. 1993)). Accordingly, a plea of guilty and the ensuing conviction incorporate all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. *Madrigal v. Welch* 2011 WL 834136, *9 (N. D. Ohio 2011) (*citing United States v. Broce*, 109 S. Ct. 757, 762 (1989)).

When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. *Id.* If the answer is in the affirmative then the conviction and the plea, as a

general rule, foreclose the collateral attack. *Id*. A plea which is voluntary and intelligently made serves as a valid waiver of a defendant's constitutional rights, including claims of constitutional violations that preceded the guilty plea. *Id.* (*citing Tollett v. Henderson*, 93 S. Ct. 1602, 1608 (1973)). A guilty plea extinguishes a defendant's right to collaterally attack independent claims of constitutional violations that are not related to whether the petitioner was deprived of the ability to decide intelligently and voluntarily to plead guilty. *Id.*

The basis of Petitioner's claims is that he made a strategic miscalculation of the likely penalties attached to entering the plea. Consequently, Petitioner claims that he is entitled to withdraw his plea or set aside the judgment. Petitioner had the opportunity to challenge the theory of the indictment or the sufficiency of the charges against him. Instead Petitioner conceded his guilt. The trial judge conducted an extensive review of Petitioner's rights, what it meant to concede his guilt and the rights he had to appeal the judgment.[2] Based on the plea transcript and the trial court's factual findings, the Magistrate is persuaded that the state court's decision to accept Petitioner's guilty plea is presumed to be correct as Petitioner's guilty plea was knowingly, voluntarily, and intelligently made. Since Petitioner's plea served as a valid waiver of his constitutional rights including claims of constitutional violations that preceded the guilty plea, the resulting judgment of guilt and sentence are binding and not subject to review in this habeas case.

The Magistrate does not address whether Petitioner's claims asserted in this habeas case were procedurally defaulted or whether the claims made in the Petition or the Motion to Dismiss are legally

---

[2] The trial judge engaged Petitioner in an prolific discussion of his background, his mental ability to make an informed decision, his knowledge of the offense, the nature of his admission of guilt, whether Petitioner was satisfied with the service and advice of his attorney and the recommendation of a three-year prison sentence by the State of Ohio (Docket No. 14, Attachment 2, pp. 3-8, 11-12 of 13).

8

cognizable.

## V. CONCLUSION.

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus, deny the Motion to Dismiss, dismiss this case and terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: January 23, 2012

## VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing

of timely objections to a report and recommendation.