PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL K. MOENING, | ) | CASE NO. 3:11CV01490 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BRIAN COOK, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** (Resolving ECF Nos. 1, 5) |

Petitioner Paul Moening, proceeding *pro se*, is an inmate at Pickaway Correctional Institution in Orient, Ohio. Petitioner filed the instant cause of action pursuant to 28 U.S.C. § 2254 against Brian Cook, Warden of the facility, seeking a writ of habeas corpus. ECF No. 1. Petitioner challenges the constitutionality of his March 11, 2010 conviction pursuant to a plea of guilty as to Count One of the indictment–failure to comply with an order or signal of a police officer, a felony of the third degree in violation of the Ohio Revised Code, Title 29, Section 2921.331(B)&(C)(5)(a)(ii). *See* ECF Nos. 1; 14 at 5; 14-1. Petitioner's Petition sets forth two grounds for relief.[1]

The case was referred to Magistrate Judge Vernelis K. Armstrong for a Report and Recommendation. The Magistrate Judge subsequently issued a Report and Recommendation recommending that the Court deny Petitioner's Writ of Habeas Corpus and his Motion to Dismiss or Suspend Execution of Sentence. ECF No. 16. Petitioner filed objections to the Report and Recommendation and complained that the Report did not address his second ground

---

[1] Petitioner moved the Court to permit him to supplement his Petition by asserting two additional grounds for relief in his Motion to Dismiss or Suspend Execution of Sentence. ECF No. 5. This motion is, briefly discussed later and denied.

(3:11CV01490)

for relief. ECF No. 17. It appears that Petitioner is correct; the Report and Recommendation does not address Petitioner's second ground for relief. For the reasons provided herein, after conducting *a de novo* review of the objections to the Report and Recommendation, the Court overrules Petitioner's objections made to the content of the Report and Recommendation and sustains the objection made regarding the omitted ground for relief. Below, both grounds for relief are discussed. For the reasons provided herein, the Court dismisses the Petition and denies the motion to dismiss or suspend execution of sentence.

## I. Factual and Procedural Background

In December 2009, Petitioner was charged in a secret indictment with two counts of failure to comply with an order or signal of a police officer in violation of R.C. §§ 2921.331(B), (C)(4), and (C)(5)(a)(ii). ECF No. 14-1. Petitioner entered a plea of not guilty to both charges. ECF No. 14-2 at 3. In March 2010, Petitioner entered into a plea agreement. ECF No. 14-3. Under the terms of the plea agreement, the State of Ohio stipulated that it would: (1) dismiss Count Two; (2) recommend a three-year prison sentence as to Count One; (3) agree to stay mute or refrain from opposing any request for judicial relief; and (4) agree not to oppose any request for treatment. ECF No. 14-3 at 3. After a comprehensive change of plea hearing during which a judge on the Court of Common Pleas for Van Wert County, Ohio explained all of the constitutional and non-constitutional rights Petitioner would waive by entering a guilty plea, Petitioner entered a plea of guilty to Count One of the indictment.[2] ECF No. 14-2. A sentencing

---

[2] The Court advised Petitioner of his rights under Ohio Rule of Criminal Procedure 11 and further advised him of the maximum penalty of five years imprisonment, a $10,000 fine and the three year term of post control release. ECF No. 14-2 at 7-9.

2

(3:11CV01490)

hearing was set for April 21, 2010.[3]

At the sentencing hearing, the Court sentenced Petitioner to three years, granted credit for 144 days served, and ordered Petitioner to provide a deoxyribonucleic acid (DNA) sample to the State of Ohio. ECF No. 14-4 at 6-9. Petitioner's drivers license was suspended for life and he was reminded of his right to appeal within thirty (30) days of the Court's sentence. ECF Nos. 14-4 at 8-10; 14-5 at 1-3.

After being sentenced, Petitioner filed a Motion for Leave to File Delayed Appeal and Motion for Assignment of Counsel in the Third Appellate District Court. ECF No. 14-7. In his motion, Petitioner alleges the following: "Defendant-Appellant received ineffective assistance of counsel until recently. Court appointed counsel did not advise Appellant of his right to file an appeal, and did not assist with Appellant's appeal process. Appellant did not receive relevant documents from trial court until January 5, 2011 *via* institutional legal mail." ECF No. 14-7 at 1-2 (italics added). The Appellate Court explained that Petitioner's motion "does not set forth sufficient reason for his failure to timely file a notice of appeal . . . [and] the sentencing judgment clearly reflects that Appellant was advised of his right and the 30-day time for filing an appeal." ECF No. 14-9. As a result, the Appellate Court denied the motion. ECF No. 14-9.

Thereafter, Petitioner filed a Notice of Appeal in the Supreme Court of Ohio challenging the Third District Court of Appeals decision to not allow the delayed appeal. ECF No. 14-11. As described in the Report and Recommendation, Petitioner's corresponding memorandum in support alleged the following:

---

[3] The entry was file stamped on April 27, 2010.

3

(3:11CV01490)

1. The trial court reneged upon an agreement that after Petitioner served 180 days, judicial release would be granted and Petitioner would enter a six-month rehabilitation program.

2. Petitioner did not learn that counsel had not perfected an appeal until eight months lapsed after the court entered the sentencing order.

3. The trial court failed to transmit documents relevant to his appeal.

4. Petitioner has strived to meet the procedural requirements for perfecting a direct appeal.

ECF Nos. 14-12; 16-3.  While Petitioner's motion was pending, he filed a Petition for Writ of Habeas Corpus accompanied by an affidavit of indigency in the Supreme Court of Ohio. ECF No. 15. The Supreme Court of Ohio denied Petitioner leave to appeal and, with respect to his Petition, dismissed the case *sue sponte*. ECF Nos. 14-10; 14-16; 14-17.

Petitioner then moved for the Van Wert County Court to withdraw his guilty plea. ECF No. 14-18. In his motion, Petitioner alleged that his plea was not made knowingly, voluntarily, and intelligently because the Court failed to state the lifetime license suspension as a maximum penalty, nor did he agree to such a penalty. ECF No. 14-18.

In July 2011, Petitioner filed this Petition for Writ of Habeas Corpus alleging the following grounds for relief:

**Ground One**: Double Jeopardy. Petitioner was prosecuted in the municipal and common pleas court under the same set of facts. ECF No. 14 at 5; 15 at 5, 7.

**Ground Two**: Ineffective Assistance of Counsel. Trial counsel failed to follow through on direct appeal resulting in procedural default. ECF No. 14 at 5; 15 at 6.

Petitioner has also moved the Court for permission to supplement his Petition by allowing

4

(3:11CV01490)

him to assert two additional grounds for relief.[4]  ECF No. 5 (Motion for an Order to Dismiss or Suspend Execution of Sentence).  Petitioner seeks to add the following supplemental grounds for relief:

>**Ground Three**:  The indictment lacked sufficient factual elements of the crime charged.
>
>**Ground Four**:  The trial court failed to provide the requisite documents to perfect an appeal.

ECF No. 5.  Because, as explained below, the Petition is without merit and the grounds for relief Petitioner seeks to add clearly challenge rulings made in State courts based upon State law that adequately supports the rulings, supplementation would be futile.  Petitioner's motion to supplement is denied.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

---

[4]  The motion is titled "Motion for an Order to Dismiss or Suspend Execution of Sentence."  Construing it liberally, the Court has also considered it a motion to supplement his petition.

(3:11CV01490)

### III.  Law & Analysis

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal review. The relevant gateways and their application to the instant petition are provided below.

#### A.  Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Petitioner was convicted in the Court of Common Pleas for Van Wert County, Ohio within the Northern District of Ohio and remains incarcerated.[5] The Court, therefore, has jurisdiction over Petitioner's Petition.

#### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996, effective date.  28 U.S.C. § 2244(d); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).  The provisions of the AEDPA are controlling

---

[5] *See* Ohio Department of Rehabilitation and Correction, http://www.drc.ohio.gov (last visited Mar. 30, 2012).

(3:11CV01490)

herein as the instant petition was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Petitioner's Petition was timely filed in accordance with 28 U.S.C. § 2244(d).

**C. Ground One**

In his first ground for relief, Petitioner alleges that his convictions under the same set of facts in the municipal and common pleas court violates the prohibition against double jeopardy, pursuant to the U.S. Constitution. ECF Nos. 1; 15 at 5, 7.

At the outset, the cognizability of Ground One hinges upon whether Petitioner entered into a knowingly, voluntarily, and intelligently guilty plea. ECF No. 16 at 7. Respondent, in his Return of Writ, argues the Petitioner entered his guilty plea knowingly, voluntarily, and intelligently with sufficient awareness of the relevant circumstances and likely consequences. ECF No. 14 at 13. As a result, Respondent contends that Petitioner is not entitled to habeas relief based on his claims alleged in Ground One. ECF No. 14 at 13. The Report and Recommendation echoes Respondent's position and, for sound reason, recommends that Ground One of the habeas petition is not legally cognizable because Petitioner entered a valid plea of guilty. ECF No. 16 at 7.

   **a.**

A guilty plea is constitutionally valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. U.S.*, 397 U.S. 742, 749 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,*

7

(3:11CV01490)

400 U.S. 25, 31 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. *Brady*, 397 U.S. at 755; *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

Petitioner entered a plea of guilty pursuant to a plea agreement. ECF Nos. 14-2; 14-3. The transcript of Petitioner's change of plea hearing unequivocally reveals that the trial judge engaged Petitioner in a prolific discussion of his background, his mental ability to make an informed decision, his knowledge of the offense, the nature of his admission of guilt, whether Petitioner was satisfied with the service and advice of his attorney and the recommendation of a three-year prison sentence by the State of Ohio. ECF Nos. 14-2; 14-3; 14-4; 16 at 8, fn. 2. The transcript of Petitioner's guilty plea colloquy demonstrates that he clearly understood the charges against him and the consequences of pleading guilty to Count One.

Petitioner was advised of the charges against him, the elements of those charges, the available defenses, the potential punishment of up to five years in prison and a $10,000 fine, and the constitutional rights he was waiving by pleading guilty. *See* ECF Nos. 14-2; 14-3; 14-4. Petitioner admitted that he understood those advisements; that his plea was not induced by threats, promises, force or coercion; that he was not under the influence of drugs or alcohol and his faculties were not impaired by illness or affliction; and, that he was satisfied with counsel and counsel's advice. ECF Nos. 14-2; 14-3; 14-4. Petitioner affixed his signature to the plea agreement memorializing his guilt. ECF No. 14-3.

Despite the thoroughness of the plea colloquy, Petitioner argues that his plea was not made knowingly, voluntarily, and intelligently because he was "not informed of the license

(3:11CV01490)

suspension until he was actually being sentenced." ECF No. 14-18 at 2. Petitioner does not contest that statutory mandate requiring a trial court to suspend the driver's license of a defendant convicted of failure to comply for a definite period of time. ECF No. 14-18 at 3 (citing R.C. § 2921.331(E); R.C. § 4510.02(A)(1)). Rather, he argues that his guilty plea was not made knowingly, voluntarily, and intelligently because he was not informed of the license suspension until he was being sentenced, and thus did not understand the material implications of his plea. ECF No. 14-18 at 2-3.

The United States Supreme Court explained that "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *El-Nobani v. U.S.*, 287 F.3d 417, 421 (6th Cir. 2002) (explaining the trial court is not constitutionally obligated to inform the defendant of all the possible collateral consequences of the plea. It is well settled that a voluntary and intelligent plea of guilty may not be collaterally attacked. *See Tollett*, 411 U.S. at 266-67; *Alford*, 400 U.S. at 31. The United States Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards . . . .

*Tollett*, 411 U.S. at 267. Upon finding that Petitioner's guilty plea was both counseled and voluntary, Petitioner's claim is without merit.

9

(3:11CV01490)

**b.**

Petitioner's specific objection as to the Magistrate Judge's Report and Recommendation regarding waiver fails to present an issue appropriate for federal habeas corpus relief. ECF No. 17. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Petitioner's objection to the Report and Recommendation regarding Count One is overruled. The Report and Recommendation is adopted relative to Ground One.

**D. Ground Two**

In his second ground for relief, Petitioner asserts ineffective assistance of counsel–namely, his trial counsel failed to advise and assist him with the appeals process. ECF No. 1; 14-7.

Petitioner submitted a motion for delayed appeal to the Third District Court of Appeals

(3:11CV01490)

on January 11, 2011.  ECF No. 14-7.  In State court, Petitioner argued that his delay in appealing his judgment of conviction to the Third District Court of Appeals was a result of appointed counsel failing to advise him of his right to file an appeal and assist with the appeal process, which he contends constitutes ineffective assistance of trial counsel.[6]  ECF No. 14-7; 14-8.  Petitioner further argued that the trial court's delay in providing relevant court documents also contributed to Petitioner's delay in filing a timely appeal.  ECF No. 14-7.  According to Petitioner, he did not receive relevant documents from the trial court until January 5, 2011.  ECF No. 14-7.  The Third District Court of Appeals overruled his motion finding that the motion was untimely and Petitioner did not set forth sufficient reason for his failure to timely file a notice of appeal.  ECF No. 14-9.  Notably and obviously contrary to Petitioner's motion, the Appellate Court explained that "the sentencing judgment clearly reflects that Appellant was advised of his right and the 30-day time for filing an appeal."  ECF No. 14-9 at 1.

On April 28, 2011, Petitioner filed a Notice of Appeal in the Supreme Court of Ohio regarding the Third District Court of Appeals decision to not allow the delayed appeal.  ECF Nos. 14-11; 14-12.  The Supreme Court of Ohio denied his motion on the basis that the "issue presented by the appellant is limited to the mechanics of seeking a delayed appeal and is not of public or great general interest and does not involve a substantial constitutional question[]."  ECF

---

[6] Petitioner claimed that he is a "layman, unskilled in law" who was unaware of *Griffin v. Illinois*, 351 U.S. 12 (1956) (discussing transcripts must be furnished if a particular state conditions a defendant's right to appeal on the furnishing of a transcript) and *Douglas v. California*, 372 U.S. 353 (holding California's requirement that appellate counsel be appointed for an indigent only if the appellate court determined that such appointment would be helpful to the defendant or to the court itself as unconstitutional).

11

(3:11CV01490)

No. 14-13 at 4.

Respondent's Return of Writ argues that Petitioner failed to file a timely direct appeal within 30-days of his sentence as required by the time period restriction contained in Ohio Rules of Appellate Procedure.  ECF No. 14 at 15.  Respondent further explains that the State appeals court enforced the procedural rule upon finding no good cause for Petitioner's failure to timely appeal and denying him leave to file a delayed direct appeal.  ECF No. 14 at 15-16.

In his Traverse, Petitioner clarifies his previous ineffective assistance of counsel assertion by explaining that "what he meant was that his trial attorney did not file the timely notice of appeal as he was asked to do."  ECF No. 15 at 2.  After the sentencing, Petitioner claims that he "vigorously requested" appointed counsel to file an appeal and appointed counsel agreed.[7]  ECF No. 15 at 6.  In light of his request, Petitioner claims that it is misleading to say that he did not file a timely direct appeal.  ECF No. 15 at 1.

Prior to addressing the merits of Petitioner's claims, we must determine whether the claims are properly before us, or whether they have been procedurally defaulted.  "Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision."  *Munson v. Kapture*, 384 F.3d 310, 313–14 (6th Cir. 2004) (internal quotations and citations omitted).

---

[7] Petitioner mailed appointed counsel two letters requesting copies of documents.  ECF Nos. 15 at 6; 14-12 at 34-36.

12

(3:11CV01490)

The Supreme Court clarified the laws governing procedural default in two recent decisions, *Beard v. Kindler*, 558 U.S. ——, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009), and *Walker v. Martin*, —— U.S. ——, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011).  In *Beard*, the Supreme Court held that, "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review," because it can be considered "firmly established."  *Beard*, 130 S.Ct. at 618. Extending the precedent it set in *Beard*, in *Walker* the Supreme Court emphasized the practical importance of "preserving the flexibility" of states' discretionary procedural rules.  *See Walker*, 131 S.Ct. 1120, 1125.  Thus, the Supreme Court held in *Walker* that even wholly discretionary state procedural rules may constitute adequate State grounds for foreclosing federal review of a habeas claim.  *Id*. at 1128.

Guided by the Supreme Court's recent decision in *Walker*, our procedural default inquiry in this case turns on whether Ohio Rule of Appellate Procedure 5(A) can serve as the basis for barring federal habeas review.  Under Ohio Rule of Appellate Procedure 4(A), a defendant's right to appeal expires thirty days after sentencing.  However, Ohio Rule of Appellate Procedure 5(A) permits a defendant to make a motion for delayed appeal, providing an exception to the general thirty day appellate period.  Rule 5(A) states in relevant part, "[a]fter the expiration of the thirty day period provided by [Rule of Appellate Procedure] 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken."  Ohio R. App. P. 5(A).

In *Stone v. Moore*, the Sixth Circuit recently explained:

*Beard* and *Walker*, when read together, permit a state procedural rule to serve as
an adequate state ground for preventing review of a habeas petition even if the

13

(3:11CV01490)

>state procedural rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker*, *Deitz* is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

644 F.3d 342, 348 (6th Cir. 2011).[8]

In the instant matter, Petitioner waited approximately eight months before moving for delayed appeal pursuant to Rule 5(A). The Ohio Court of Appeals denied Petitioner's Rule 5(A) motion as untimely. ECF No. 14-9. Notwithstanding Petitioner's delay, the Ohio court had discretion under Rule 5(A) to permit Petitioner's delayed appeal. However, based on *Walker's* holding that discretionary state procedural rules can serve as an adequate and independent state ground for denying a petitioner's habeas claim, Petitioner's failure to promptly file his Rule 5(A) motion constitutes procedural default. This Court is therefore foreclosed from considering

---

[8] In *Deitz v. Money*, the Sixth Circuit held that the Ohio Court of Appeals denial of petitioner's motion for leave to file a delayed appeal under Ohio Rule of Appellate Procedure 5(A) was not an "adequate" basis to preclude habeas review because that rule leaves the decision as to whether to permit a delayed appeal "solely within the discretion of the appellate court" and thus it is not "firmly established and regularly followed." 391 F.3d at 810-11 (internal quotation marks omitted).

In *Beard,* the Supreme Court stated,

>[T]he question whether a state procedural ruling is adequate is itself a question of federal law. We have framed the adequacy inquiry by asking whether the state procedural rule in question was firmly established and regularly followed. We hold that a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review.

130 S.Ct. at 617-18 (internal quotations and citations omitted). The Supreme Court clarified in *Walker* that its holding in *Beard* was not so circumscribed. The Supreme Court held in *Walker* that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court has discretion to reach the merits despite the default." 131 S.Ct. at 1124.

14

(3:11CV01490)

Petitioner's second ground for relief.

### III.  Evidentiary hearing

The Court declines to exercise its discretion to conduct an evidentiary hearing as Petitioner has not shown that he is entitled to an evidentiary hearing or that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing and the Court concludes that the case can be decided on the record before the Court.  *Abdur'Rahman v. Bell,* 226 F.3d 696, 704-06 (6th Cir. 2000); *Harries v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005).

### IV.  Conclusion

The Court hereby adopts the Report and Recommendation (ECF No. 16) as to Ground One, and overrules Petitioner's objections (ECF No. 17) as to Ground One.  Regarding Ground Two, based upon the analysis above, Ground Two is without merit; Petitioner's objection to the absence of reference to Ground Two in the Report and Recommendation is sustained.  For the reasons stated above, Petitioner's Petition for Habeas Corpus (ECF No. 1) is denied in its entirety.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

March 30, 2012                           */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                         United States District Judge